UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AUDREY BELISLE ) | | |
| (a/k/a AUDREY: BELISLE), ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 1:16-cv-00451-JAW | |
| ) | | |
| TRACEY H. ROTONDI, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Audrey Belisle, acting pro se, filed a complaint in which she evidently seeks relief from the Town of Athens' attempt to enforce a tax lien. *Compl.* (ECF No. 1). Ms. Belisle also filed a motion for injunctive relief in an apparent effort to prevent certain action from occurring on September 17, 2016 *Mot. for Inj.* (ECF No. 3). Ms. Belisle subsequently filed a motion to seal. *Mot. to Seal Case* (ECF No. 5). A review of the Complaint reveals the Court lacks jurisdiction to consider the subject matter of Ms. Belisle's Complaint. Accordingly, the Court dismisses her Complaint without prejudice.

**I.     PLAINTIFF'S ALLEGATIONS**

In her Complaint, which Ms. Belisle characterizes as a "bill in equity," she alleges the Town of Athens, Maine, insists that she must pay taxes on realty she owns within the Town. *Compl.* at 1. Citing *inter alia* her "natural, inherent and unalienable rights," the Declaration of Independence, the preamble of the United States Constitution, and the International Covenant on Civil and Political Rights, Ms. Belisle asserts that municipal real estate taxes are merely "voluntary contributions" and that any effort by

the Town to levy or collect taxes constitutes trespass, defamation, and conversion. *Id.* at 2 – 3. Ms. Belisle thus asks the Court to "decree a writ of permanent injunction … and order all clouds on the title of [her] property be removed promptly and without delay," and to "oversee the return of [her] estate … and provide … a competent and trusted advisor experienced in assisting returning beneficiaries."[1] *Id.* at 6, ¶¶ 11 – 12.

## II.  DISCUSSION

"It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez,* 364 F.3d 1, 5 (1st Cir. 2004); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Consistent with this principle, Federal Rule of Civil Procedure 12(h)(3) states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Although some of Ms. Belisle's filings are not entirely clear, the essence of her claim is her challenge to the Town of Athens' authority to assess and collect property taxes. Given the nature of Ms. Belisle's claim, the Tax Injunction Act of 1937 (TIA) informs the Court's jurisdictional analysis. The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The TIA deprives federal district courts of jurisdiction to

---

[1]  Concerning her "beneficiary" designation, Plaintiff maintains that her "future energy and productivity was pledged as collateral surety for the UNITED STATES corporation's debts when [she] was a baby," that she was "presumed dead or absent by the State," and that she is "actually one of the Creditors of the United States of America," whose "birth estate has been accessed without [her] knowledge while being held in Trust until [she] prove[s] life and receive[s] it." *Compl.* at 5, ¶ 8.

enjoin the collection of state taxes." *Wal-Mart Puerto Rico, Inc. v. Zaragoza-Gomez*, No. 16-1370, ___ F.3d ___, 2016 WL 4447261, at *6 (1st Cir. Aug. 24, 2016). The only exception to the jurisdictional bar is in cases "where state courts do not provide a 'plain, speedy and efficient remedy.'" *Id.* (quoting 28 U.S.C. § 1341). In other words, "where a state offers an adequate remedy," this Court lacks jurisdiction to enjoin the collection of a state tax. *Maine v. DeVore*, 324 F. Supp. 2d 103, 104 (D. Me. 2004).[2] For purposes of the TIA, a state tax is an assessment "imposed primarily for revenue raising purposes." *Id.* (quoting *Butler v. Maine*, 767 F. Supp. 17, 19 (D. Me. 1991)).[3]

Real estate taxes, although generally administered at the local level by municipal officers, are state taxes imposed to raise revenue. *See* 36 M.R.S. §§ 201, 251, 551. The issue, therefore, is whether Maine offers adequate remedies to taxpayers aggrieved by the wrongful assessment, levy or collection of property taxes. State law affords to individual taxpayers both administrative and judicial remedies for the illegal assessment of real property taxes. *See, e.g.*, 36 M.R.S. §§ 271 (State Board of Property Tax Review), 504 (Illegal assessment; recovery of tax), 841 (Abatement procedures), 843 (Appeals), 844 (Appeals to county commissioners), 941 – 949 (Procedures for enforcement of lien on real estate); 5 M.R.S. §§ 8001 et seq. (Maine Administrative Procedures Act); Me. R. Civ. P. 80C (Review of final agency action). By any objective measure, the state law remedies are sufficiently "plain, speedy and efficient" to preclude

---

[2]  "The [TIA] operates as 'a broad jurisdictional barrier, and bars even claims that the state tax is illegal or unconstitutional.'" (quoting *Fontaine v. U.S. Gov't*, No. 3:04-cv-30080, 2004 WL 2284499, at *3 (D. Mass. July 22, 2004)).

[3]  In contrast, "assessments imposed 'for regulatory or punitive purposes, even though they may also raise revenues, are generally not "taxes."'" *DeVore*, 324 F. Supp. 2d at 105 (quoting *Butler*, 767 F. Supp. at 19).

this Court's exercise of subject matter jurisdiction over the property tax dispute that is the subject of Plaintiff's Complaint.

### III.  CONCLUSION

The Court lacks jurisdiction over the subject matter of Audrey Belisle's Complaint. The Court, therefore, DISMISSES without prejudice Plaintiff's Complaint. Because the Court lacks jurisdiction over the subject matter of Plaintiff's Complaint, the Court necessarily is without jurisdiction to consider Ms. Belisle's request for injunctive relief.  Accordingly, with the dismissal of Plaintiff's Complaint, the Court also dismisses without prejudice Audrey Belisle's motion for injunctive relief. (ECF No. 3.) Finally, Audrey Belisle's argument in support of her motion to seal the proceedings (ECF No. 5) fails to overcome the presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013.)   The Court therefore DENIES Audrey Belisle's motion to seal (ECF No. 5).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2016